STATE of Tennessee, Appellee,

v.

**Dennis ORR, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

July 15, 1985.

Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, for appellant; W.J. Michael Cody, Atty. Gen., Nashville, of counsel.

Beverly C. Sullivan, Morristown, for appellee; Charles R. Terry & Associates, Morristown, of counsel.

## OPINION

FONES, Justice.

The sole issue presented in this appeal is the constitutionality of the Tennessee Motor Vehicle Habitual Offender Act. T.C.A. § 55–10–601 et seq.

On March 25, 1977, the Hamblen County Criminal Court entered an order that declared the defendant, Dennis Orr, to be a habitual motor vehicle offender and barred him from operating a motor vehicle in this state "for the period as required by law or until proper application is made for the removal of the Habitual Offender status."

Subsequently, on June 12, 1979, defendant drove a motor vehicle in violation of this order, and on November 9, 1979, he entered a guilty plea and served a sentence of eleven months and twenty-nine days after his probation was revoked.

On November 3, 1983, defendant was indicted for two separate violations of the March 25, 1977 order. Defendant pled guilty to both counts and received a three-year sentence on each count, to be served concurrently. Defendant, however, expressly reserved his right to appeal the constitutionality of T.C.A. § 55–10–601 et seq. and perfected his appeal to this Court pursuant to T.C.A. § 16–4–108.

■ Defendant contends that T.C.A. § 55–10–616 is vague and thus violates the due process clause of the constitution.

We dealt with that same contention in State v. Hinsley, 627 S.W.2d 351, 354 (Tenn.1982), and see no need to repeat here what was said there, in sustaining the constitutionality of the statute.

■ Defendant complains that the length of time that he was barred from operating a motor vehicle by the November 25, 1977 order of the Criminal Court of Hamblen County was vague and by implication, at least, that that makes the statute vague. The adjudication of defendant as an habitual motor vehicle offender became final thirty days after its entry and he did not perfect a timely appeal therefrom, and, of course, cannot be heard to complain of such an alleged infirmity in the order upon this appeal. In addition, the vagueness or lack of vagueness of that order has no effect whatever upon the vagueness or lack of vagueness of the legislative enactment of the Tennessee Motor Vehicle Habitual Offender Act.

■ The Act requires that a person adjudicated to be an habitual offender be prohibited from driving a motor vehicle for a period of three years from the date of final entry of an order making that adjudication, and that reinstatement to driving privileges must be sought by petition to the court that found him or her to be an habitual offender or to the criminal court in the county where such person then resides. The fact that the Legislature chose to express the time of suspension and method of reinstatement in three sections of the Act does not require that men of common intelligence guess at their meaning or differ as to their application.

■ Defendant also suggests that the Act is vague because it does not affirmatively state what happens if an habitual offender never applies for reinstatement, pointing to the phrase in T.C.A. § 55–10–615 that, "such person may petition the court."

The fact that the statute makes it optional whether or not an habitual offender applies for reinstatement has no effect whatever on the clear mandate of the Act that the suspension of driving privileges will remain in effect until such a petition is filed and the court acts favorably thereon.

■ Defendant also asserts that the punishment provided by the Tennessee Motor Vehicle Habitual Offender Act is unconstitutional in that it constitutes cruel and unusual punishment. This argument has been previously addressed and rejected in State v. Jones, 592 S.W.2d 906 (Tenn.Crim. App.1979). A conviction of violation of the Act carries a possible punishment of from one to ten years imprisonment. Appellant received a sentence of three years imprisonment, and, given the aggravating circumstances surrounding the offenses commit-

ted by defendant and defendant's lengthy prior criminal record of serious driving infractions, the sentence was well within the statutory range of punishment prescribed by the Legislature pursuant to the public policy of the Act as expressed in T.C.A. § 55–10–602. Therefore, the punishment imposed is not so grossly out of proportion to the severity of the offense so as to constitute cruel and inhuman punishment.

The judgment of the trial court is affirmed. The case is remanded to the Criminal Court of Hamblen County for any further proceedings. Costs are adjudged against defendant.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.