# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 7, 2001 Session

## STATE OF TENNESSEE v. RALPH D. COOPER

### Direct Appeal from the Criminal Court for Shelby County
No. P18314     W. Fred Axley, Judge

### No. W2000-02612-CCA-R3-CD - Filed August 29, 2001

This is an appeal from an order denying a petition for reinstatement of a motor vehicle operator's license pursuant to Tennessee Code Annotated Section 55-10-615(b).  The court ruled that a subsequent conviction for driving without a license precluded the court from restoring the petitioner's driving privileges for a period of three years after the new conviction.  After a careful review, we hold that the court incorrectly concluded it did not have discretion to grant driving privileges and remand to the court for reconsideration of the petition.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Robert M. Brannon, Jr., Memphis, Tennessee, for the appellant, Ralph D. Cooper.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Scott McCullough, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## BACKGROUND

On August 26, 1997, the petitioner was declared an habitual motor vehicle offender in the Criminal Court of Shelby County.  As a result, his driving privileges were revoked and his Tennessee driver's license suspended for a period of three years as provided by Tennessee Code Annotated Section 55-10-613.  The court's judgment was affirmed on appeal by this court. State v. Ralph D. Cooper, No. 02C01-9709-CR-00339, 1998 WL 397368 (Tenn. Crim. App. at Jackson, July 17, 1998).

Subsequently, in November 1998, the petitioner was charged with driving without a license, and was convicted of this offense on March 30, 1999. He, then, filed a petition in the Criminal Court of Shelby County for the restoration of his driving privileges. On September 25, 2000, the court held a hearing on the petition, during which the petitioner conceded that he had been driving without a license. His defense was that his mother, who had recently been diagnosed with a brain tumor that affected her eyesight, was in need of his assistance. Petitioner further testified that he did not know how much longer his mother would be able to drive him to work, and asked the court to consider the circumstances surrounding both the March 1999 violation and his need for employment in granting him a restricted license.

At the conclusion of the hearing, the court declared that under a strict interpretation of the statute, it did not have the discretion to reinstate the petitioner's driving privileges because the petitioner had received a new conviction during the restricted period of three years. The court ultimately held that the petitioner "c[ould] not even file a petition to reinstate his driving privileges until the three year period from the date of conviction for a no driver's license has passed." Petitioner timely appealed the court's judgment.

## ANALYSIS

The petitioner argues that the court improperly interpreted the statute by holding that his March 1999 conviction for driving without a license statutorily precluded the court from exercising its discretion under Tennessee Code Annotated Section 55-10-615. The petitioner contends that "[t]he specific language of the statute is plain and clear," and that Section 55-10-615 allows a petitioner to apply for reinstatement of driving privileges three years after the declaration of habitual offender status.

Tennessee Code Annotated Sections 55-10-601 to -617, known as the "Motor Vehicle Habitual Offenders Act," codify the procedures regulating "the driving privileges of persons who have repeatedly violated designated State statutes or City ordinances." Everhart v. State, 563 S.W.2d 795, 796 (Tenn. Crim. App. 1978). Section 55-10-615(a) sets out the restrictions on issuance and reinstatement of an operator's license and reads in pertinent part: "In no event shall a license to operate motor vehicles in this state be issued to an habitual offender for a period of three (3) years from the entry date of the order of the court finding such person to be an habitual offender." Tenn. Code Ann. § 55-10-615(a) (Supp. 2000). Section 55-10-615(b) provides as follows:

> At the expiration of three (3) years from the date of any final order of a court, entered under the provisions of this part, finding a person to be an habitual offender and directing such person not to operate a motor vehicle in this state, such person may petition the court where found to be an habitual offender or any court of record having criminal jurisdiction in the county in which such person then resides, for restoration of the privilege to operate a motor vehicle in this state. Upon such petition, and for good cause shown, such court may, in its

discretion, restore to such person the privilege to operate a motor vehicle in this state upon such terms and conditions as the court may prescribe, subject to other provisions of law relating to the issuance of operators' or chauffeurs' licenses.

Tenn. Code Ann. § 55-10-615(b) (Supp. 2000).

This court has held that "the order barring the person from driving because of an habitual offender status is in the nature of a permanent injunction . . . that is intended to continue until it is removed by court order." Charles Glenn Stevenson v. State, No. 01C01-9412-CC-00426, 1995 WL 715518, at *2 (Tenn. Crim. App. at Nashville, Dec. 6, 1995). Relief from the order is to be obtained through court-ordered restoration of driving privileges. See State v. Orr, 694 S.W.2d 297 (Tenn. 1985). In Orr, our supreme court held that the "suspension of driving privileges will remain in effect until such a petition [for restoration] is filed and the court acts favorably thereon." Id. at 298; Charles Glenn Stevenson, 1995 WL 715518, at *2; accord State v. Harvey Lee Tate, No. 02C01-9306-CC-00113, 1994 WL 51425, at *2 (Tenn. Crim. App. at Jackson, Feb. 23, 1994).

The Act provides that a person adjudicated to be an habitual offender be prohibited from driving for a period of three years from the date of that adjudication. The court, however, held that a new violation precluded it from allowing driving privileges, even on a limited basis, for another three years from the date of the subsequent conviction. We respectfully disagree with the court's interpretation of Tennessee Code Annotated Section 55-10-615, and conclude its holding to be in error. We do not find language in the statute preventing the court from restoring driving privileges because of a conviction occurring during the three-year period.

## CONCLUSION

We remand this matter for the court to consider whether, in its discretion, to restore the petitioner's driving privileges under such terms and conditions as it may prescribe.

_____
ALAN E. GLENN, JUDGE