# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs December 2, 2003

## STATE OF TENNESSEE v. JAMES STACY CARROLL

**Appeal from the Circuit Court for Carroll County**
**No. 02CR1872     C. Creed McGinley, Judge**

─────────────

**No. W2003-01182-CCA-R3-CD  - Filed March 15, 2004**

─────────────

The defendant, James Stacy Carroll, appeals from his Carroll County Circuit Court conviction of driving a vehicle in violation of a motor vehicle habitual offender order.  He challenges the sufficiency of the convicting evidence.  We hold that the evidence is sufficient to support the conviction and affirm the conviction.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Benjamin Dempsey, Huntingdon, Tennessee (at trial); Guy T. Wilkinson, District Public Defender; and Billy R. Roe, Jr., Assistant Public Defender (on appeal), for the Appellant, James Stacy Carroll.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; G. Robert Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

McKenzie Police Officer Ricky L. Wade testified at trial that on January 9, 2002, he saw a brown Dodge truck with no license tag pass his location.  He stopped the truck, which was driven by the defendant.  The defendant admitted that he had no driver's license.  Officer Wade arrested the defendant, and after discovering that the defendant had been declared a motor vehicle habitual offender, he charged the defendant with violating the motor vehicle habitual offender law.

Paul Newmon, the General Sessions and Circuit Court Clerk in Carroll County, testified that on May 13, 1996, the circuit court entered an order declaring the defendant a motor vehicle habitual offender.  The 1996 order provided that the defendant's privilege of operating a motor vehicle was revoked and that "before the driving privileges of the [defendant] may be reinstated, he must petition this court after three years from the date of the entry of this Order, and

this Court must enter an Order reinstating his or her driving privileges." The clerk testified there was no order reinstating the defendant's driving privileges.

The defendant testified that he knew he had no license on January 9, 2002, and that he had been convicted on March 19, 2001, of driving after having been declared a motor vehicle habitual offender. He testified that he thought his three-year revocation period expired in May 1999.

On appeal, the defendant challenges the sufficiency of the convicting evidence on the ground that the defendant believed that because the three-year revocation had expired, his motor vehicle habitual offender status had lapsed. Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not re-weigh the evidence but presume that the factfinder has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. *See State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984); *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

The defendant was convicted of violating Tennessee Code Annotated section 55-10-616, which provides:

> (a) It is unlawful for any person to operate any motor vehicle in this state while the judgment or order of the court prohibiting the operation remains in effect.
>
> (b) Any person found to be an habitual offender under the provisions of this part who thereafter is convicted of operating a motor vehicle in this state while the judgment or order of the court prohibiting such operation is in effect commits a Class E felony.
>
> (c) The court has no power to suspend any such sentence or fine, except that in cases where such operation is necessitated in situations of apparent extreme emergency which require such operation to save life or limb, the sentence or any part thereof or fine or any part thereof may be suspended by the court, in its discretion.

Tenn. Code Ann. § 55-10-616 (2003). This proscriptive statute contains no *mens rea* requirement. *See id.* § 39-11-301(b) (2003) ("A culpable mental state is required . . . unless the definition of an offense plainly dispenses with a mental element."); *Crittenden v. State,* 978 S.W.2d 929, 930 (Tenn. 1998) (when proscriptive statute neither expressly requires nor plainly dispenses with the

requirement for a culpable mental state, intent, knowledge, or recklessness suffices to establish the necessary culpable mental state).

With respect to motor vehicle habitual offender orders, our supreme court has said, "The fact that the statute makes it optional whether or not an habitual offender applies for reinstatement has no effect whatever on the clear mandate of the Act that the suspension of driving privileges will remain in effect until such a petition is filed and the court acts favorably thereon." *State v. Orr*, 694 S.W.2d 297, 298 (Tenn. 1985); *see also State v. Lester E. Elliott*, No. M2002-00037-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Nashville, Jan. 22, 2003) ("[W]hen the State establishes that a [motor vehicle habitual offender] court order has been entered prohibiting the defendant from driving, . . . then the defendant has the option of presenting proof that his or her driving privileges had been restored as of the relevant time. In the absence of any such conflicting proof, [a] jury . . . was presented with evidence sufficient to support its finding of guilt beyond a reasonable doubt."), *perm. app. denied* (Tenn. 2003).

Based upon mere recklessness sufficing to establish the culpable mental state for the conviction offense and the efficacy of the motor vehicle habitual offender order until the defendant files a restoration petition that is favorably acted upon, the evidence in the present case is clearly sufficient to support the defendant's conviction. The evidence showed that the 1996 order was still in effect on January 9, 2002, the date the defendant was apprehended. The evidence showed that no application for a restoration of driving privileges had been filed. The defendant at least knowingly drove without a restoration of driving privileges.

The trial court's judgment is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE