IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 20, 2004

## STATE OF TENNESSEE v. LALON R. DAVENPORT

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 53941    James K. Clayton, Jr., Judge**

---

**No. M2003-02303-CCA-R3-CD - Filed October 8, 2004**

---

The Defendant, Lalon R. Davenport, pled guilty to one count of violating the Motor Vehicle Habitual Offender Act.  Pursuant to Tennessee Rule of Criminal Procedure 37, the Defendant reserved as a certified question of law the issue of whether the three-year time period articulated in the Habitual Offender Act bars prosecution for violating the Act after the time period has expired.  We conclude that such prosecution is not barred by the Act, and the judgment of the trial court is therefore affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Gerald L. Melton and Russell ("Rusty") N. Perkins, Murfreesboro, Tennessee, for the appellant, Lalon R. Davenport.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; John W. Price, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I.  Facts

This case arises from the Defendant's violation of the Motor Vehicle Habitual Offender Act, codified in Tennessee Code Annotated section 55-10-601 (1998 & Supp. 2003), et seq.  On February 8, 1999, the Defendant was declared an habitual traffic offender, and he was ordered not to operate a motor vehicle for three years.  The Defendant did not appeal this judgment of the trial court, and it became final thirty days after entry.  On December 24, 2002, the Defendant was stopped by a police officer for a registration violation, and a computer check revealed the Defendant's status as a habitual motor vehicle offender.  The Defendant was indicted for driving in violation of the Habitual Motor Vehicle Offender Act and driving on a suspended license.  The Defendant pled guilty

to violating the Habitual Motor Vehicle Offender Act, reserving a certified question of law for appeal. The Defendant's charge for driving on a suspended license was dismissed. In its final judgment, the trial court stated the certified question of law, appealable to this Court, as:

> Does the setting forth of a specific period of time for the operation of an order declaring a person to be a motor vehicle habitual offender bar the prosecution of that person under T.C.A. § 55-10-616 for an offense that occurs after the expiration of the time period specified in such order.

## II. Analysis
### A. Certified Question of Law

Because this appeal comes before us as a certified question of law, pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, we must first determine whether the question presented is dispositive. Tennessee Rule of Criminal Procedure 37(b) provides, in pertinent part, that:

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction . . . upon a plea of guilty . . . [if] . . . [t]he defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case and the following requirements are met:
>
> (A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by the defendant for appellate review;
> (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
> (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
> (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). The record evinces that all of the requirements of Rule 37 are clearly met, and the only issue which requires discussion is whether the certified question of law is dispositive of the case. We have stated that a dispositive issue is one where the appellate court "must either affirm the judgment or reverse and dismiss. A question is never dispositive when [the appellate court] might reverse and remand for trial . . . ." State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

If we hold that Tennessee Code Annotated section 55-10-616 prohibits the prosecution of the Defendant for a violation of that Act after the three-year time period expires, the Defendant's

conviction cannot stand. Therefore, this issue is dispositive on appeal, and we now decide the merits of the certified question on appeal.

## B. Motor Vehicle Habitual Offender Act

The Defendant contends that since the Motor Vehicle Habitual Offender Act, codified in Tennessee Code Annotated section 55-10-601, et seq., provides for a three-year time period that a defendant is prohibited from driving and, as such, a defendant may not be in violation of the Act when driving more than three years after the entry of a judgment declaring him a habitual offender. The State counters that, by the language of the statute, any person found to be a habitual offender who thereafter is convicted of operating a motor vehicle in this state while the judgment or order of the court prohibiting such operation is in effect commits a class E felony. See Tenn. Code Ann. § 55-10-616. We agree with the State.

The Tennessee Supreme Court addressed the issue of whether the three-year time period articulated in the Motor Vehicle Habitual Offender Act was unconstitutionally vague in State v. Orr, 694 S.W.2d 297, 298 (Tenn. 1985). The defendant in that case was declared a habitual motor vehicle offender on March 25, 1977, and, on November 3, 1983, he was indicted for two separate violations of the March 25, 1977 order. Id. The defendant pled guilty and reserved the right to appeal whether the three-year time period in the statute was unconstitutionally vague. Id. The defendant contended that the length of time that he was barred from operating a motor vehicle by the March 25, 1977 order of the criminal court was vague and, by implication, the statute was vague. Id. In response, the Supreme Court stated: "The adjudication of defendant as an habitual motor vehicle offender became final thirty days after its entry and he did not perfect a timely appeal therefrom, and, of course, cannot be heard to complain of such an alleged infirmity in the order upon this appeal." Id. The Court then turned to the statute, stating:

> The Act requires that a person adjudicated to be an habitual offender be prohibited from driving a motor vehicle for a period of three years from the date of final entry of an order making that adjudication, and that reinstatement to driving privileges must be sought by petition to the court that found him or her to be an habitual offender or to the criminal court in the county where such person then resides. The fact that the Legislature chose to express the time of suspension and method of reinstatement in three sections of the Act does not require that men of common intelligence guess at their meaning or differ as to their application.

> Defendant also suggests that the Act is vague because it does not affirmatively state what happens if an habitual offender never applies for reinstatement, pointing to the phrase in T.C.A. § 55-10-615 that, "such person may petition the court."

> The fact that the statute makes it optional whether nor not an habitual offender applies for reinstatement has no effect whatever on the clear mandate of the Act that the suspension of driving privileges will remain in effect until such a petition is filed

and the court acts favorably thereon.

Id. The Court held that the Act was not unconstitutionally vague. Id.

In State v. Carroll, this Court discussed whether the evidence was sufficient to sustain a defendant's conviction for driving a vehicle on January 9, 2002, in violation of a motor vehicle habitual offender order entered on May 13, 1996. State v. Carroll, No. W2003-01182-CCA-R3-CD, 2004 WL 541130, at *1 (Tenn. Crim. App., at Jackson, Mar. 15, 2004), *no perm. app. filed*. Before the trial court, the defendant contended that he thought his three-year revocation period expired in May of 1999, and on appeal the defendant contended that the evidence was insufficient based upon the defendant's belief that the three-year period had expired. Id. This Court, citing Orr, stated that the mandate prohibiting the defendant from driving remains in effect until a petition requesting the restoration of driving privileges is filed and the court acts favorably thereon. The Court then held that:

> [T]he efficacy of the motor vehicle habitual offender order until the defendant files a restoration petition that is favorably acted upon, the evidence in the present case is clearly sufficient to support the defendant's conviction. The evidence showed that the 1996 order was still in effect on January 9, 2002, the date the defendant was apprehended. The evidence showed that no application for a restoration of driving privileges had been filed.

Id. at *2.

Relying on both of the aforementioned cases, we conclude that the Legislature's articulation of a specific time period for which a defendant, who is found to be an habitual offender, is prohibited from driving does not mandate that the defendant no longer be subject to the penalties of violating the Motor Vehicle Offender Act if apprehended while driving more than three years after the entry of the order. The Statute clearly requires a defendant to petition the trial court for reinstatement of his or her license and allows the trial court, considering the evidence before it, to grant or deny this petition. If the trial court determines that the petition should be denied, it can continue to require that the defendant be subject to the Act. A defendant may not, by merely failing to file a petition, circumvent the requirement that the trial court restore his or her driving privileges. Accordingly, we conclude that, when the Defendant in the case under submission was found driving on December 24, 2002, he was still subject to the February 8, 1999 order declaring him an habitual traffic offender. Therefore, this issue is without merit.

### III.  Conclusion

In accordance with the foregoing reasoning and authorities, we conclude that the Legislature's articulation of a three-year time period in the Motor Vehicle Habitual Offender Act does not bar prosecution of the Defendant, who was apprehended for driving in violation of an order declaring him an habitual offender, even though he was driving more than three years after the entry

of the order declaring him an habitual offender. Accordingly, we AFFIRM the Defendant's conviction.

_____
ROBERT W. WEDEMEYER, JUDGE