IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 15, 2004 Session

## STATE OF TENNESSEE v. JESSE JAMES JOHNSON

**Appeal from the Circuit Court for Franklin County**
**No. 14731   Thomas W. Graham, Judge**

---

### No. M2004-00209-CCA-R3-CD - Filed April 8, 2005

---

The appellant, Jesse James Johnson, was indicted for driving on a revoked license, violating the Motor Vehicle Habitual Offender Act and third offense driving on a revoked license. At trial, the appellant's counsel argued that the order declaring the appellant to be an habitual traffic offender had expired as it was more than three (3) years old. The trial court prohibited the jury from considering the argument. The jury found the appellant guilty of driving on a revoked license and violation of the Motor Vehicle Habitual Offender Act. In a separate phase of the trial, the trial court found the appellant guilty of third offense driving on a revoked license. The appellant received a sentence of three (3) years and six (6) months for the violation of the Motor Vehicle Habitual Offender Act and eleven (11) months and twenty-nine (29) days for the third offense driving on a revoked license. After the denial of a motion for new trial, this appeal ensued. Despite the absence of a transcript of the hearing on the motion for new trial, we determine that the trial court did not abuse its discretion in prohibiting the appellant's counsel from arguing that the order declaring the appellant to be an habitual motor vehicle offender had expired.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

David O. McGovern, Assistant Public Defender, Jasper, Tennessee, for the appellant, Jesse James Johnson.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; J. Michael Taylor, District Attorney General, and Steven Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On June 30, 2002, around 2:30 a.m., Officer Carrie Morris of the Winchester Public Safety Department initiated a traffic stop of the appellant for a "light law violation" on the basis that the appellant's passenger-side brake light was not illuminated. After being approached by Officer Morris, the appellant admitted that he did not have a driver's license. The appellant surrendered an identification card to Officer Morris who used the card to confirm that the appellant's driver's license was revoked and that he was driving while being declared an habitual motor vehicle offender.

The appellant was indicted in September of 2002 for driving on a revoked license, violating the Motor Vehicle Habitual Offender Act and third offense driving on a revoked license.

At trial, the State introduced a "State of Tennessee Department of Safety Certification as to Status of Operator's License Pursuant to T.C.A. 55-50-204," which indicated that as of June 30, 2002, the appellant's driver's license was revoked and his status was that of "Motor Vehicle Habitual Offender." The State also introduced a certified copy of a court order entered December 16, 1994, in which the appellant was declared an habitual motor vehicle offender. The State relied on the testimony of Officer Morris regarding the circumstances surrounding the arrest.

After the State and the defense rested, defense counsel argued to the jury that the order declaring the appellant an habitual motor vehicle offender was the important document to consider. He argued that the status of the order, specifically, "whether there is an order still in effect indicating that . . . [the appellant] is an habitual traffic offender," was the primary issue for the jury to resolve. Defense counsel urged the jury to "use . . . [their] common sense" and determine "how long this order is in effect." Defense counsel pointed specifically to language in the order stating that "the defendant shall not operate a motor vehicle on the highways of this state, and in no event shall a license to operate a motor vehicle be issued for a period of three (3) years from the entry date of this order." This language, argued defense counsel, made the order in effect for three (3) years. At that point, counsel for the State objected and requested a jury-out hearing. During the hearing, counsel for the State argued that the order was in effect until another order was entered changing the appellant's status as an habitual motor vehicle offender. The trial court agreed, prohibited defense counsel from making any further argument regarding the validity of the order and stated the following to the jury upon their return:

> Ladies and gentlemen, during the argument that was being made an objection was raised and I was called upon to rule upon the objection. By way of explanation the attorney for the defendant was arguing to you that the language of the order in some way was self-executing, I guess, that the order ought to be read in some fashion that would mean that after three years automatically that the order no longer had any

effect. That really is not an issue for a jury to determine, that's one of those things called a legal issue, it's a question of law, and so the objection was raised that this is not something the jury ought to be asked to decide is whether or not an order, the language of an order, has a particular legal effect. There could be issues within the interpretation of the order that might be a factual dispute that a jury certainly could determine, but this particular order is not one of those kinds of issues. The order puts the person in the status of an habitual offender [and] that status cannot be removed unless there is an additional order acknowledging that the person has met all the requirements of the law and no longer is an habitual traffic offender. There is no such order that has been presented in this trial, therefore the only assumption that can be made is that the order of status of habitual traffic offender is the status or was the status at least at that time, and I guess based on the testimony that no order even as of today have been put in there you can stretch it even from the point of the date that this has to be looked at which I think was 30 June, 2002. Even as of today there is still no change in that status, so you will not be called upon and should not decide this case based on some interpretation that in some way this order is not effective at this time. Now it would require another order to set it aside and that order has not been approved based on the evidence in this case.

The jury found the appellant guilty of driving on a revoked license and violating the Motor Vehicle Habitual Offender Act. The appellant agreed to submit the issue of third offense driving on a revoked license to the trial court rather than the jury. The trial court found the appellant guilty of third offense driving on a revoked license. The appellant received a sentence of three (3) years and six (6) months for the violation of the Motor Vehicle Habitual Offender Act and eleven (11) months and twenty-nine (29) days for the third offense driving on a revoked license. After the denial of a motion for new trial, this appeal ensued in which the appellant challenges the trial court's decision to prohibit the appellant's counsel from arguing that the order was not in effect at the time of the offense.

## Analysis

We note at the outset that the record does not contain the transcript of the hearing on the motion for new trial. The record contains merely a fill-in-the-blank form order signed by the trial court denying the motion for new trial. From this order, it appears that a hearing was held on December 9, 2003 on the motion for new trial. It is the duty of the appellant to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); see State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Therefore, technically, the appellant has waived this issue by failing to include the transcript of the hearing on the motion for new trial in the appellate record.

Nevertheless, from the record before us, we can determine that the issue has no merit. Trial courts have wide discretion in controlling arguments of counsel, including closing statements, and a trial court's ruling concerning the arguments of counsel will not be reversed absent an abuse of

discretion. State v. Sutton, 562 S.W.2d 820, 823 (Tenn. 1978). A trial court should provide both parties the opportunity to present their case theory and the facts upon which they intend to rely, so long as those facts are deemed likely to be supported by admissible evidence. See State v. Stout, 46 S.W.3d 689, 713 (Tenn. 2001).

The appellant's counsel argued that the Motor Vehicle Habitual Offender Act, found in Tennessee Code Annotated section 55-10-615, has a maximum three-year self-executing ban on driving after which offenders are no longer motor vehicle habitual offenders. This Court has consistently rejected this argument. In State v. James Stacy Carroll, No. W2003-01182-CCA-R3-CD, 2004 WL 541130, at *2 (Tenn. Crim. App., at Jackson, Mar. 15, 2004), perm. app. denied (Tenn. Sept. 7, 2004), despite the defendant's contention that he thought his three-year revocation period expired before he was charged with the present offense, this Court determined that there was sufficient evidence to find the defendant guilty of violating the Habitual Motor Vehicle Offender Act, quoting the following language from State v. Orr, 694 SW.2d 297, 298 (Tenn. 1985):

> The fact that the statute makes it optional whether or not an habitual offender applies for reinstatement has no effect whatever on the clear mandate of the Act that the suspension of driving privileges will remain in effect until such a petition is filed and the court acts favorably thereon.

In State v. Lester E. Elliot, No. M2002-00037-CCA-R3-CD, 2003 WL 151199 (Tenn. Crim. App., at Nashville, Jan. 22, 2003), perm. app. denied (Tenn. May 19, 2003), this Court dismissed an identical argument. In Elliot, the defendant argued that the order entered on January 5, 1995 was not in effect on December 26, 1999, as it was more than three years old. This Court upheld the conviction, stating:

> While we admire the Defendant's creative approach to overturning his conviction, we must disagree with his premise. . . . The proof submitted to the jury in this case consisted of the operative language of the court order declaring the Defendant to be an habitual offender. . . . The order makes no reference to an expiration period or to any mechanism by which the Defendant could nullify its mandate. A plain reading of the language submitted to the jury leads to the conclusion that the order remains in effect forever, and the jury was certainly justified in concluding that the order was in effect on December 26, 1999.

Lester E. Elliot, 2003 WL 151199, at *2-3.

Moreover, the plain language of the statute states that a person found to be an habitual motor vehicle offender "may" petition the court for the restoration of the privilege to operate a motor vehicle. Tenn. Code Ann. § 55-10-615(b). In no way does the express language of the statute imply that a person's status as an habitual motor vehicle offender automatically terminates at the expiration of the three-year period. The refusal of the trial court to allow counsel for the appellant to argue that

the order declaring the appellant an habitual traffic offender expired after three years was not error. See Stout, 46 S.W.3d at 713.  This issue is without merit.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

 

 

_____
JERRY L. SMITH, JUDGE