IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 23, 2010 Session

## STATE OF TENNESSEE v. WILLIAM WAYLON HANSON

**Direct Appeal from the Circuit Court for Sumner County**
**No. CR732-2008      Dee David Gay, Judge**

**No. M2009-01115-CCA-R3-CD - Filed December 17, 2010**

Defendant, William Waylon Hanson, was indicted for one count of violating the Motor Vehicle Habitual Offenders Act, Tenn. Code Ann. section 55-10-616. Defendant entered a no contest plea to the charge and was sentenced by agreement to serve two years to be suspended on probation after 90 days. Pursuant to Tennessee Rule of Criminal Procedure 37, Defendant reserved as a certified question of law the issue of whether Defendant could have been convicted of driving in violation of the Act more than three years after the order was entered declaring him to be an habitual offender. After reviewing the record on appeal and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

David Allen Doyle, District Public Defender; and Michael Gene Anderson, Assistant Public Defender, Gallatin, Tennessee, for the appellant, William Waylon Hanson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Jayson Criddle, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

Defendant was indicted for violating Tenn. Code Ann. section 55-10-616, which prohibits a person from operating "any motor vehicle in this state while the judgment or order of the court prohibiting the operation remains in effect." The statute further provides that "[a]ny person found to be an habitual offender under this part who thereafter is convicted of operating a motor vehicle in this state while the judgment or order of the court prohibiting such operation is in effect commits a Class E felony."

The indictment alleges that "on or about July 31, 2008, [Defendant]. . . did unlawfully operate a motor vehicle in the State of Tennessee while a judgment or order was in effect prohibiting such operation, to-wit: an order entered January 20, 2005, . . . declaring [Defendant] to be an habitual offender under the Motor Vehicle Habitual Offenders Act. . . ."

Defendant filed a pre-trial motion pursuant to Rule 12(b) of the Tennessee Rules of Criminal Procedure to dismiss the indictment against him, asserting that the alleged offense occurred more than three years after the date of entry of the order prohibiting him from operating a motor vehicle. The trial court denied Defendant's motion to dismiss. Defendant entered a *nolo contendere* plea to the charge, reserving the following certified question of law:

> Could the defendant have been convicted of driving after being declared to be an habitual traffic offender when the order declaring him to be an habitual traffic offender prohibited the defendant from driving for a period of three years from January 20, 2005 – the date of the entry of the order – and the incident giving rise to the instant charge occurred more than three years after January 20, 2005?

As a preliminary matter, we note that the certified question meets the requirements prescribed by Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure. The parties agree that the question presented was properly certified, is dispositive of the case, and is properly before this Court. *See State v. Preston*, 759 S.W.2d 647 (Tenn. 1988); *see also* Tenn. R. Crim. P. 37(b)(2).

The January 20, 2005 order which declares Defendant an Habitual Motor Vehicle Offender states:

> Upon consideration by the Court of the Petition, the evidence presented to the Court, and the statements by the Assistant District Attorney General, the Court finds that the said [Defendant] is an Habitual Traffic Offender.

> Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that [Defendant] shall not operate a motor vehicle on the highways of this State for a period of three (3) years from the date of entry of this Order and shall surrender to the Court all licenses to operate a motor vehicle upon the highways of this State.

Defendant argues on appeal that the trial court erred by not granting his motion to dismiss the indictment because the incident for which he was charged occurred more than three years after entry of the order declaring Defendant to be an habitual offender, and the order by its terms limited the driving prohibition to three years.

Tennessee Code Annotated section 55-10-615 provides, in pertinent part, as follows:

(a) In no event shall a license to operate motor vehicles in this state be issued to an habitual offender for a period of three (3) years from the entry date of the order of the court finding the person to be an habitual offender. In no event shall a license to operate motor vehicles in this state be issued to an habitual offender until the habitual offender has met all requirements that the financial responsibility law may impose.

(b) At the expiration of three (3) years from the date of any final order of a court, entered under this part, finding a person to be an habitual offender and directing the person not to operate a motor vehicle in this state, the person may petition the court . . . , for restoration of the privilege to operate a motor vehicle in this state. Upon this petition, and for good cause shown, the court may, in its discretion, restore to the person the privilege to operate a motor vehicle in this state upon the terms and conditions as the court may prescribe, . . . .

Tenn. Code Ann. § 55-10-615(a) and (b).

In *State v. Lalon R. Davenport*, this Court was presented with what Defendant acknowledges as "a near identical challenge" as the issue presented in this appeal. In *Davenport*, the trial court's February 8, 1999 order declared the defendant to be an habitual traffic offender and ordered the defendant not to operate a motor vehicle for three years. On December 24, 2002, Davenport was stopped and later charged with driving in violation of the Habitual Motor Vehicle Offender Act. Davenport pled guilty to the offense, reserving as a certified question of law:

Does the setting forth of a specific period of time for the operation of an order declaring a person to be a motor vehicle habitual offender bar the prosecution of that person under T.C.A. § 55-10-616 for an offense that occurs after the expiration of the time period specified in such order[?]
This Court resolved that question as follows:

Relying on [*State v. Orr*, 694 S.W.2d 297 (Tenn. 1985), and *State v. Carroll*, No. W2003-01182-CCA-R3-CD, 2004 WL 541130 (Tenn. Crim. App., at Jackson, Mar. 15, 2004), *no perm. app. filed*], we conclude that the Legislature's articulation of a specific time period for which a defendant, who is found to be an habitual offender, is prohibited from driving does not mandate that the defendant no longer be subject to the penalties of violating the Motor Vehicle Offender Act if apprehended while driving more than three years after the entry of the order. The Statute clearly requires a defendant to petition the trial court for reinstatement of his or her license and allows the trial court, considering the evidence before it, to grant or deny this petition.

*State v. Lalon R. Davenport*, No. M2003-02303-CCA-R3-CD, 2004 WL 2266805, at *3 (Tenn. Ct. App. at Nashville, Oct. 8, 2004), *perm. to app. denied* (Tenn. Feb. 28, 2005).

Defendant attempts to distinguish his case from *Davenport*, arguing that the trial court's order imposing a three-year prohibition against Defendant driving had "expired," by its own terms, before the incident leading to his conviction, presumably, requiring no further action on behalf of Defendant to restore his driving privileges. We disagree. In *Davenport*, this Court specifically held that "[t]he fact that the statute makes it optional whether or not an habitual offender applies for reinstatement has no effect whatever on the clear mandate of the Act that the suspension of driving privileges will remain in effect until such a petition is filed and the court acts favorably thereon." *Id*.

Applying the relevant statute and the reasoning of *Davenport* to the case *sub judice*, we conclude that the Act's three-year prohibition against driving following the entry of an order declaring Defendant to be an habitual motor vehicle offender does not bar prosecution of Defendant even though he was stopped while driving more than three years after the entry of the order. The fact that the order includes language that Defendant "shall not operate a motor vehicle on the highways . . . for a period of three (3) years from the date of entry of this [o]rder" does not limit or otherwise alter provisions of the Motor Vehicle Habitual Offenders Act that define the time period for which a violation can occur.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-4-