# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 14, 2015

## STATE OF TENNESSEE v. ANTHEN LEE PARKER

**Appeal from the Circuit Court for Henderson County**
**Nos. 13119-1, 13120-1     Roy B. Morgan, Judge**

---

**No. W2014-01221-CCA-R3-CD  -  Filed June 1, 2015**

---

Pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, the defendant, Anthen Lee Parker, who entered pleas of guilty in two separate cases to driving after having been declared a motor vehicle habitual offender, appeals a certified question of law related to the validity of an earlier judgment declaring him a motor vehicle habitual offender.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and NORMA MCGEE OGLE, J., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellant, Anthen Lee Parker.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jerry Woodall, District Attorney General; and Angela Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant pleaded guilty in case number 13119-1 to one count of driving after having been declared a motor vehicle habitual offender ("MVHO") and in case number 13120-1 to one count of driving after having been declared an MVHO, one count of second offense driving under the influence, one count of felony evading arrest, one count of reckless driving, one count of violating the registration law, one count of violating the financial responsibility law, and one count of failing to maintain his lane of travel.  Pursuant to his plea agreement with the State, the defendant received a total effective Range III sentence of 10 years' incarceration.  In addition, the defendant reserved with the consent of the State and the trial court the following certified question of law pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure:

Do the Rules of Civil Procedure apply to HMVO proceedings and judgments such that the judgment of 10/11-1995 in this case has expired pursuant to Tennessee Rules of Criminal Procedure 69.04 and TCA 28-3-110(2)?[1]

The trial court explicitly stated the question in the judgments and stated that the question was dispositive of the case against the defendant. *See* Tenn. R. Crim. P. 37(b)(2)(A).

Initially, we note that the question presented is not, in fact, dispositive of the entirety of case number 13120-1. The defendant was convicted of six offenses in addition to the conviction of driving after having been declared an MVHO that would not be impacted by any ruling on the certified question. That question is dispositive only to the convictions of driving after having been declared an MVHO in case numbers 13119-1 and 13120-1.

Prior to entering his guilty pleas, the defendant moved the trial court to dismiss the indictments charging him with driving after having been declared an MVHO on grounds that Code section 28-3-110(2) and Tennessee Rule of Civil Procedure 69.04 barred enforcement of the 1995 judgment declaring him an MVHO because that judgment was more than 10 years old. The trial court denied his motion, finding that "the clear mandate of the act is that the suspension of driving privileges will remain in effect until [a petition to restore driving privileges] is filed and the Court acts favorably thereon." The court concluded that the 1995 judgment had "not expired and [was] not beyond the statute of limitations."

In this appeal, the defendant acknowledges that on October 11, 1995, the Carroll County Circuit Court declared him an MVHO under the terms of the Motor Vehicle Habitual Offender Act ("MVHO Act"). He argues, however, that because the Tennessee Rules of Civil Procedure govern proceedings under the MVHO Act, Tennessee Rule of Civil Procedure 69.04 prohibits enforcement of the October 11, 1995 judgment declaring him an habitual offender because the judgment is more than 10 years old. He also argues that because MVHO actions are civil rather than criminal in nature, Code section 28-3-110 prohibits enforcement of the judgment by prosecution for driving after having been declared an MVHO because the MVHO judgment is more than 10 years old.

---

[1]    HMVO, as used here, is an acronym for habitual motor vehicle offender. Code section 55-10-601 provides: "This part shall be known and may be cited as the 'Motor Vehicle Habitual Offenders Act.'" T.C.A. § 55-10-601. Accordingly, we use the acronym MVHO.

The defendant is correct that the initial proceedings to declare a person an MVHO "are civil in nature" and are, therefore, governed by the Tennessee Rules of Civil Procedure. *State v. Malady*, 952 S.W.2d 440, 444 (Tenn. Crim. App. 1996); *Bankston v. State*, 815 S.W.2d 213, 216 (Tenn. Crim. App. 1991); *Everhart v. State*, 563 S.W.2d 795, 797 (Tenn. Crim. App. 1978). That the rules of civil procedure govern the process for declaring a person an MVHO does not, however, lead to a conclusion that either Rule 69.04 or Code section 28-3-110 renders the order declaring him an MVHO expired or unenforceable.

Tennessee Code Annotated section 55-10-615 provides, in pertinent part,

> (a) In no event shall a license to operate motor vehicles in this state be issued to an habitual offender for a period of three (3) years from the entry date of the order of the court finding the person to be an habitual offender. In no event shall a license to operate a motor vehicle in this state be issued to an habitual offender until the habitual offender has met all requirements that the financial responsibility law may impose.

> (b) At the expiration of three (3) years from the date of any final order of a court, entered under this part, finding a person to be an habitual offender and directing the person not to operate a motor vehicle in this state, the person may petition the court where found to be an habitual offender or any court of record having criminal jurisdiction in the county in which the person then resides, for restoration of the privilege to operate a motor vehicle in this state. Upon this petition, and for good cause shown, the court may, in its discretion, restore to the person the privilege to operate a motor vehicle in this state upon the terms and conditions as the court may prescribe, subject to other provisions of law relating to the issuance of operators' or chauffeurs' licenses.

T.C.A. § 55-10-615(a)-(b). In considering a claim that the MVHO Act was vague for failure to express "what happens if an habitual offender never applies for reinstatement," our supreme court noted that Code section 55-10-615(b) places the onus on a defendant to petition for a restoration of driving privileges and concluded that the "clear mandate of the Act" was "that the suspension of driving privileges will remain in effect until such a petition is filed and the court acts favorably thereon." *State v. Orr*, 694 S.W.2d 297, 298 (Tenn. 1985). This court has applied this holding of our supreme court to conclude that an MVHO declaration does not automatically expire at the conclusion of the three-year

period expressed in Code section 55-10-615. *See, e.g.*, *State v. Lalon R. Davenport*, No. M2003-02303-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Nashville, Oct. 8, 2004), *perm. app. denied* (Tenn. Feb. 28, 2005); *State v. James Stacy Carroll*, No. W2003-01182-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Jackson, Mar. 15, 2004), *perm. app. denied* (Tenn. Sept. 7, 2004).

Code section 28-3-110 provides:

(a) The following actions shall be commenced within ten (10) years after the cause of action accrued:

(1) Actions against guardians, executors, administrators, sheriffs, clerks, and other public officers on their bonds;

(2) Actions on judgments and decrees of courts of record of this or any other state or government; and

(3) All other cases not expressly provided for.

T.C.A. § 28-3-110(a).

In *Charles Glenn Stevenson v. State*, No. 01C01-9412-CC-00426 (Tenn. Crim. App., Nashville, Dec. 6, 1995), we considered whether Code section 28-3-110 barred a prosecution for driving after having been declared an MVHO when the MVHO order was more than 10 years old. Stevenson claimed, as does the defendant here, that "because actions under the Motor Vehicle Habitual Offenders Act are civil in nature, the civil statute of limitations should apply." *Charles Glenn Stevenson v. State*, No. 01C01-9412-CC-00426, slip op. at 2 (Tenn. Crim. App., Nashville, Dec. 6, 1995), *perm. app. denied* (Tenn. Mar. 25, 1996). We determined that because "[u]nquestionably, the order barring the person from driving" under the MVHO Act was "in the nature of a permanent injunction upon a declaration of status that is intended to continue until it is removed by court order," and because "section 28-3-110 does not operate to limit a permanent injunction's enforceability to ten years," *id.,* slip op. at 4 (citing H. Gibson, *Gibson's Suits in Chancery*, § 574 (W. Inman 7th ed. 1988) (stating that a permanent injunction is a perpetual restraint), "the continuing effectiveness of an order prohibiting driving because of a declared habitual motor vehicle offender status is not limited by section 28-3-110 to ten years from the date the order is entered," *id.* Instead, we emphasized that relief from an MVHO judgment may only be obtained "through court-ordered restoration of the privilege to operate a motor vehicle in this state." *Id.* (citing *Orr*, 694 S.W.2d at 298).

Tennessee Rule of Civil Procedure 69.04 provides:

> Within ten years from entry of a judgment, the judgment creditor whose judgment remains unsatisfied may move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended for an additional ten years. A copy of the order shall be mailed by the judgment creditor to the last known address of the judgment debtor. If sufficient cause is not shown within thirty days of mailing, another order shall be entered extending the judgment for an additional ten years. The same procedure can be repeated within any additional ten-year period until the judgment is satisfied.

Tenn. R. Civ. P. 69.04. Although we can find no case addressing the applicability of Rule 69.04 to an MVHO proceeding, we easily conclude that this rule has no application to an MVHO judgment and does not cause the expiration of an MVHO order or render it unenforceable after the passage of 10 years. Under the plain terms of this rule, it applies to civil money judgments given that it speaks to judgment creditors and judgment debtors and the granting of an extension "until the judgment is satisfied."[2] Because an MVHO judgment is not a money judgment, it involves neither judgment creditors nor judgment debtors, and, because it operates in the same manner as a permanent injunction, an MVHO judgment can never be "satisfied" as that term is used in Rule 69.04.

Instead, it is well settled that an MVHO judgment never expires but remains in full force and effect unless and until the trial court grants a defendant's petition to have his driving privileges restored. To conclude that Rule 69.04 causes the automatic expiration of an MVHO order after 10 years would conflict with the plain language of Code section 55-10-615(b) and the established precedent. Moreover, to so hold would have the effect of allowing the defendant to avoid prosecution by the simple expedient of failing to petition for restoration of his driving privileges. *See Lalon R. Davenport*, slip op. at 4 ("A defendant may not, by merely failing to file a petition, circumvent the requirement that the trial court restore his or her driving privileges.").

Because neither Code section 28-3-110 nor Tennessee Rule of Civil Procedure 69.04 applies to an MVHO judgment, the trial court did not err by refusing to dismiss the indictments charging the defendant with driving after having been declared an

---

[2] A "judgment creditor" is "[a] person having a legal right to enforce execution of a judgment *for a specific sum of money*." Black's Law Dictionary (10th ed. 2014) (emphasis added). A "judgment debtor" is "[a] person against whom a money judgment has been entered but not yet satisfied." *Id.*

MVHO.  Accordingly, the judgments of the trial court are affirmed.


_____

JAMES CURWOOD WITT, JR., JUDGE