### STATE of Tennessee, Appellee,

v.

### George W. JONES, Jr., Appellant.

Court of Criminal Appeals of Tennessee, Nashville.

Nov. 7, 1979.

Permission to Appeal Denied by Supreme Court Jan. 21, 1980.

John H. Henderson, Jr., Franklin, for appellant.

William M. Leech, Jr., State's Atty. Gen., William O. Kelly, Asst. State's Atty. Gen., Nashville, Elmer D. Davies, Jr., Dist. Atty. Gen., Joseph D. Baugh, Jr., Asst. Dist. Atty. Gen., Franklin, for appellee.

OPINION

BYERS, Judge.

Appellant was convicted of operating a motor vehicle in violation of the Motor Vehicle Habitual Offenders Act, T.C.A. § 59–2116. He received a sentence of not more than two (2) years nor less than two (2) years.

The appellant says the trial court erred in failing to grant his motion to dismiss the presentment, in failing to grant his motion to suppress evidence of a previous order of the court finding Appellant to be an habitual offender under T.C.A. § 59–2101, et seq., says the evidence is insufficient to support the jury's verdict, and says the punishment prescribed for violation of T.C.A. § 59–2116 constitutes cruel and inhuman punishment.

The judgment is affirmed.

On May 16, 1978, the Williamson County District Attorney filed a petition pursuant to the Motor Vehicle Habitual Offenders Act, T.C.A. § 59–2101, et seq., seeking to have the appellant declared an habitual offender under the Act. A show cause hearing was held on July 7, 1978. On July 12, 1978, the trial court entered an order finding Appellant to be an habitual offender

under the Act. According to the terms of the order, the appellant was forbidden to operate a motor vehicle in the State of Tennessee.

On July 16, 1978, Appellant was arrested by a Franklin City Police Officer and charged on a warrant with D.W.I. This was his fourth (4th) D.W.I. offense in less than six (6) years, his third (3rd) in three (3) years. Appellant waived his right to a trial by jury and his right to be tried only on indictment or presentment and was tried on the warrant in the City Court of Franklin, Tennessee, on July 24, 1978.

At the January term of the Williamson County Grand Jury, a presentment was returned charging the appellant with operating a motor vehicle while restrictions were in effect, a violation of T.C.A. § 59–2116.

Appellant says the trial court erred in overruling his motion to dismiss the presentment on the grounds that the charge of a violation of T.C.A. § 59–2116 should have been joined with the D.W.I. charge under the mandatory joinder provisions of Rule 8(a), *Tenn.R.Crim.Pro.* Rule 8(a) requires joinder of two (2) or more offenses in the same indictment if the offenses are "based upon the same conduct or arise from the same criminal episode and if such offenses are known to the appropriate prosecuting officials at the time of the return of the indictment(s), presentment(s), or information(s) and if they are within the jurisdiction of a single court."

■■■ By its terms, Rule 8(a) applies to charges brought by indictment, presentment, or information. It does not apply in the case of charges brought on a warrant and never presented to a grand jury. Further, the D.W.I. charge never came into the jurisdiction of the Circuit Court of Williamson County and, because the habitual offender charge was brought on a presentment, the habitual offender charge was never within the jurisdiction of the City Court of Franklin, Tennessee. Therefore, joinder under Rule 8(a) was not mandated. This assignment of error is overruled.

■■■ Appellant contends the judgment finding him to be an habitual motor vehicle offender is null and void in that he was not represented by counsel at the show-cause hearing. "[P]roceedings to revoke or suspend driving privileges [are] civil in nature and not criminal." *Everhart v. State*, 563 S.W.2d 795, 797 (Tenn.Crim.App.1978). The full panoply of rights that attach to a defendant in a criminal proceeding do not exist to the same extent in a civil proceeding. This assignment is overruled.

■■■ The appellant contends the evidence is insufficient to support the verdict. The jury heard the testimony of the arresting officer who encountered the appellant operating a vehicle, and the order of the trial court finding Appellant to be an habitual offender was read to the jury. This forms a sufficient evidentiary basis for the jury's verdict.

■■■ The appellant contends the punishment provided by the Tennessee Motor Vehicle Habitual Offender Act is unconstitutional in that it is grossly out of proportion to the severity of the crime. A conviction of violation of the Act carries a possible punishment of from one (1) to ten (10) years. The appellant received a sentence of not less than nor more than two (2) years, well within the statutory range. The punishment range was prescribed by the Legislature of this State pursuant to the policy of the Act as expressed in § 59–2102. We cannot say that such punishment is so grossly out of proportion to the severity of the offense as to constitute cruel and inhuman punishment.[1]

DWYER and DUNCAN, JJ., concur.

1. The opinion of our Supreme Court in *John Paul Cloud v. State*, 588 S.W.2d 552, held driving without a license was a lesser included offense of an habitual offender prosecution and a plea of guilty to driving without a license barred a subsequent prosecution under the habitual offender statute. Cloud had entered a plea of guilty to D.W.I., also, which arose out of the same driving episode. The Supreme Court did not hold this was, or was not, a bar to the habitual offender prosecution.