Johnny K. DAVIS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

April 23, 1990.

Charles W. Burson, State Atty. Gen. and Reporter, Bettye Springfield–Carter, Asst. State Atty. Gen., Nashville, C. Berkeley Bell, Dist. Atty. Gen., Greenville, J. Douglas Godbee, Asst. Dist. Atty. Gen., Rogersville, for appellee.

Michael A. Faulk, Church Hill, for appellant.

OPINION

BYERS, Judge.

The defendant was convicted of violating Tenn.Code Ann. 55–10–616, by driving a motor vehicle after his driving privileges had been suspended because he had been found to be an habitual motor vehicle offender. Tenn.Code Ann. 55–10–601 *et seq.*

He was sentenced to serve two years and pay a fine of $500.00.

■ On May 9, 1988, the defendant was found to be an habitual motor vehicle offender.

The warrants introduced at the hearing of the habitual offender proceedings did not show, on their face, the defendant was represented by counsel, nor did they show a waiver of counsel. The defendant asserts in this proceeding that the finding of being an habitual motor vehicle offender on May 9, 1988, is void because the uncounseled under-lying convictions were constitutionally flawed.

We are of the opinion the defendant may not prevail on this issue.

■ The attempt to attack the habitual offender judgment of May 9, 1988 in this proceeding is a collateral attack upon the previous judgement. *See Everhart v. State,* 563 S.W.2d 795 (Tenn.Crim.App. 1978). Further, a proceeding under the Habitual Motor Vehicle Offender Act is civil in nature and does not carry the full panoply of constitutional rights as do proceedings in criminal charges. *State v. Jones,* 592 S.W.2d 906 (Tenn.Crim.App. 1979). *Everhart, supra.* These are proceedings to revoke a privilege and not to impose criminal sanctions. Therefore, the use of these warrants in the May 9, 1988 proceedings give no rise to relief for the defendant in a trial for violating the judgment entered in that case.

The court in *Jones, supra,* held a defendant being prosecuted for violating Tenn. Code Ann. 55–10–616 was not entitled to be relieved of a previous habitual offender judgment on the basis of the failure to have counsel at a show cause hearing prior to trial on the habitual offender proceedings. We view the attack by this defendant in this case to be in the same posture.

The state of Virginia, in *McClure v. Commonwealth,* 222 Va. 690, 283 S.E.2d 224 (1981) applied this reasoning in denying relief and the state of Kansas, in *State v. Boos,* 232 Kan. 864, 659 P.2d 224 (1983), relied upon *Jones* and *Everhart, supra,* to apply this rule.

■ This court does not find the defendant is entitled to a new trial because the state, in reading the indictment to the jury, referred to the order entered on May 9, 1988 as a conviction for being an habitual motor vehicle offender. The trial judge instructed the jury this order was not a conviction but only a civil finding. We are satisfied the prejudicial effect, if any, was dissipated by the instruction of the trial judge.

■ We may not review the instruction given by the trial judge, as we are asked to do, because there is no showing of objection to the instruction by the defendant at the time it was given. Further, we find no error in the instruction contained in the record.

■ The defendant further claims that he should be relieved of the judgment of May 9, 1988 finding him to be an habitual motor vehicle offender because it is constitutionally infirm. For reasons above set out, the judgment is not constitutionally infirm, and he is not entitled to relief under Rule 60.02 of the Tennessee Rules of Civil Procedure.

WADE, J., and JOHN D. TEMPLETON, Special Judge, concur.