**STATE of Missouri, Respondent,**

v.

**Kenneth E. SHAW, Appellant.**

**No. WD 59831.**

Missouri Court of Appeals,
Western District.

April 9, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 28, 2002.

Application for Transfer Denied
Aug. 27, 2002.

Sarah W. Patel, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Stephanie Morrell, and John M. Morris, III, Jefferson City, for Respondent.

Before ROBERT G. ULRICH, P.J.,
PATRICIA A. BRECKENRIDGE and
LISA WHITE HARDWICK, JJ.

ROBERT G. ULRICH, Presiding
Judge.

Kenneth E. Shaw appeals from his conviction following a jury trial for trafficking drugs in the second degree, section 195.223, RSMo 2000, and his sentence of twenty years imprisonment. Mr. Shaw raises one point on appeal. He contends that the trial court plainly erred in overruling his motion to suppress and in admitting, at trial, evidence seized from him during his arrest because the State failed to show that his arrest was based on probable cause. The judgment of conviction is affirmed.

**Facts**

At approximately 5:00 a.m., on May 4, 1998, Officer James Kavanaugh of the Kansas City, Missouri, Police Department was parked at the intersection of 70th Street and Monroe Street, monitoring traffic. Officer Kavanaugh's vehicle was parked facing northbound on Monroe Street. At approximately 5:18 a.m., Officer Kavanaugh saw a blue Pontiac proceeding westbound on 70th Street past Monroe Street. The vehicle did not have a front license plate, and the driver was staring at Officer Kavanaugh instead of paying attention to the road. Officer Kavanaugh decided to stop the vehicle. When Officer Kavanaugh drove behind the Pontiac and activated his lights, the driver did not immediately stop but drove one block before pulling over. Once the vehicle stopped, Officer Kavanaugh radioed the police dispatcher regarding the traffic stop and then exited his vehicle.

Officer Kavanaugh confronted the driver, later identified as Mr. Shaw, by asking him for his driver's license and proof of insurance. Mr. Shaw told the officer that he did not have his driver's license with him. Officer Kavanaugh then asked Mr. Shaw for his name and date of birth. Mr. Shaw provided Officer Kavanaugh his name and date of birth, and Officer Kavanaugh conducted a computer check based on that information. When police dispatch informed him that no record of Mr. Shaw existed, Officer Kavanaugh approached Mr. Shaw's vehicle a second time and asked Mr. Shaw for his Social Security number. Officer Kavanaugh communicated the number to police headquarters, and the police dispatch informed him that an arrest warrant for Mr. Shaw existed for a parking violation. At that point, Officer Kavanaugh asked Mr. Shaw to step out of the vehicle, and he placed Mr. Shaw under arrest. While conducting a pat down search of Mr. Shaw, Officer Kavanaugh noticed a bulge in Mr. Shaw's left front pants pocket. Removal of the contents in Mr. Shaw's pocket revealed a large clear plastic bag that appeared to contain crack cocaine. Officer Kavanaugh also discovered an additional rock in Mr. Shaw's pocket, also appearing to be crack cocaine. A search of the vehicle disclosed two marijuana cigarettes, discovered in the console of the vehicle. Officer Kavanaugh requested a police wagon to transport Mr. Shaw and a supervisor to field-test the rocks. The field test indicated that the items seized contained cocaine.

Officer Linnie Cunningham of the Kansas City, Missouri, Police Department interviewed Mr. Shaw at the department. After being advised of his Miranda rights, Mr. Shaw waived his rights. Mr. Shaw informed Officer Cunningham that he had borrowed the vehicle from a friend and that the police officer stopped him while he was driving around. Mr. Shaw stated that when the officers searched him they found a plastic bag that contained crack. Mr. Shaw also stated that he had been smoking

crack for about six months and that he bought his crack in the area of 7002 Cleveland. Mr. Shaw admitted that the crack that the officers found in his pocket was his.

Larry Washington of the Kansas City, Missouri, Police Crime Laboratory tested the items taken from Mr. Shaw. The clear bag contained twenty individually wrapped cocaine rocks. The items tested positive for cocaine base, weighing a total of 3.66 grams.

Mr. Shaw was charged with one count of trafficking drugs in the second degree, section 195.223.[1] Mr. Shaw filed a motion to suppress claiming that the evidence seized from him was seized during an unlawful arrest. After a suppression hearing, the trial court overruled Mr. Shaw's motion to suppress. A jury found Mr. Shaw guilty of trafficking contraband drugs in the second degree and the trial court sentenced him to twenty years in prison. Mr. Shaw filed a motion for new trial, but the trial court overruled the motion. This appeal followed.

On appeal, Mr. Shaw argues that the trial court plainly erred in overruling his motion to suppress and in admitting, at trial, evidence seized from him during his arrest because the State failed to show that his arrest was based on probable cause. He contends that Officer Kavanaugh arrested him on a warrant for a parking ticket and that it was a police dispatcher that informed Officer Kavanaugh of the warrant. Mr. Shaw claims that the State's failure to call the dispatcher at the suppression hearing prevented the trial court from being able to determine whether the police dispatch was based on probable cause. To support his point on appeal, Mr. Shaw cites *State v. Kinkead*, 983 S.W.2d 518 (Mo. banc 1998)

(trial court erred in admitting evidence of search incident to warrantless arrest where state failed to call police dispatcher at suppression hearing to prove dispatch was based on probable cause).

### Standard of Review

Mr. Shaw concedes that he failed to preserve this issue for review because he failed to object to the admission of the seized evidence at trial. Mr. Shaw requests plain error review under Rule 30.20. To be entitled to review under the plain error standard, Mr. Shaw must make a strong showing that the alleged error affected substantial trial rights and amounted to manifest injustice. Rule 30.20; *State v. Arnold*, 676 S.W.2d 61, 63 (Mo.App. S.D.1984).

Review of the trial court's decision concerning a motion to suppress evidence is limited to a determination of whether there is substantial evidence to support its decision. *State v. Tackett*, 12 S.W.3d 332, 336 (Mo.App. W.D.2000). The trial court's decision will be reversed only if it is clearly erroneous. *Id.* The evidence and reasonable inferences therefrom are viewed in the light most favorable to the ruling of the trial court. *Id.*

### Probable Cause to Arrest

Fourth Amendment analysis of the validity of an arrest involves "an objective assessment of the officer's actions in light of the facts and circumstances confronting him at that time." *State v. Mease*, 842 S.W.2d 98, 105 (Mo. banc 1992), *cert. denied*, 508 U.S. 918, 113 S.Ct. 2363, 124 L.Ed.2d 269 (1993), (quoting *Maryland v. Macon*, 472 U.S. 463, 105 S.Ct. 2778, 86 L.Ed.2d 370 (1985)). A warrantless arrest is valid so long as the officer has probable cause to believe that the sus-

---

**1.** All statutory references are to RSMo 2000 unless otherwise indicated.

pect has committed a crime. *Tackett*, 12 S.W.3d at 338–39. Probable cause is based on the particular facts and circumstances of the individual case. *State v. Clayton*, 995 S.W.2d 468, 477 (Mo. banc 1999), *cert. denied*, 528 U.S. 1027, 120 S.Ct. 543, 145 L.Ed.2d 421 (1999).

In this case, the record establishes that, at the time of Mr. Shaw's arrest, Officer Kavanaugh possessed sufficient probable cause to arrest Mr. Shaw for failing to display a front license plate. At the suppression hearing, Officer Kavanaugh testified that he observed Mr. Shaw driving a vehicle without a front license plate and that, as a result, he stopped Mr. Shaw's vehicle. When Mr. Shaw could not provide Officer Kavanaugh with a valid driver's license, Officer Kavanaugh asked for Mr. Shaw's name and date of birth. When that information provided "no record" in the police database, Officer Kavanaugh requested Mr. Shaw's Social Security number. Officer Kavanaugh entered Mr. Shaw's Social Security number into the system and the police database indicated that an arrest warrant existed for Mr. Shaw for a parking violation. At that point, Officer Kavanaugh asked Mr. Shaw to step out of the vehicle and Officer Kavanaugh placed him under arrest.

Section 301.130(7) requires that a license plate be fastened "on the front and rear" of a motor vehicle. Under section 301.440, failure to comply with section 301.130 is a misdemeanor offense. The warrantless arrest of an individual who commits such an offense, in the presence of an officer, is justified under Missouri and federal law. § 479.110; *Atwater v. City of Lago Vista*,

532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) (holding that the Fourth Amendment does not forbid a warrantless arrest for a minor criminal offense, such as a misdemeanor seatbelt violation punishable only by a fine). Thus, at the time of Mr. Shaw's arrest, Officer Kavanaugh possessed sufficient probable cause to arrest Mr. Shaw for violating section 301.130(7).[2]

Mr. Shaw argues that while Officer Kavanaugh may have been able to arrest him for violating section 301.130(7), Officer Kavanaugh did not arrest him for that reason but rather arrested him because the police database indicated that a warrant for his arrest had been issued.

While this court's review of the record does reveal that Officer Kavanaugh testified that he arrested Mr. Shaw "on the warrant," what Officer Kavanaugh subjectively believed or gave as the reason for the arrest is irrelevant to the present analysis. *See State v. Heitman*, 589 S.W.2d 249, 254 (Mo. banc 1979), *cert. denied*, 446 U.S. 941, 100 S.Ct. 2164, 64 L.Ed.2d 795 (1980). The test for determining the validity of Mr. Shaw's arrest is whether Officer Kavanaugh had actual probable cause to arrest him, not whether Officer Kavanaugh articulated the correct basis for the arrest. *United States v. Lester*, 647 F.2d 869, 873 (8th Cir.1981).

Because Officer Kavanaugh possessed sufficient probable cause to arrest Mr. Shaw for failing to display a front license plate, Mr. Shaw's arrest was valid.[3] Point denied.

**2.** The State argues that Officer Kavanaugh also possessed probable cause to arrest Mr. Shaw for possession of marijuana. The State contends that Officer Kavanaugh observed, in plain view, two marijuana cigarettes in the console of the vehicle, prior to the arrest. This court's review of the record, however,

revealed insufficient evidence to validate this argument.

**3.** Because this court has determined that Officer Kavanaugh was justified in his arrest of Mr. Shaw, whether a reasonable officer would have arrested Mr. Shaw for violating

In conclusion, Mr. Shaw has not met his prescribed burden of showing that the trial court's alleged error affected his substantial rights, amounting to a manifest injustice. The trial court did not commit error, plain or otherwise. The judgment of convictions is affirmed.

BRECKENRIDGE and HARDWICK, JJ., concur.

section 301.130 is irrelevant. *See Whren v. United States,* 517 U.S. 806, 812, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) ("Not only have we never held, outside the context of inventory search or administrative inspection ...,

that an officer's motive invalidates objectively justifiable behavior under the Fourth Amendment; but we have repeatedly held and asserted the contrary.").