IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2007

## STATE OF TENNESSEE v. ERNEST MICHAEL TURNER

**Appeal from the Circuit Court for Tipton County**
**No. 5252   Joseph H. Walker, III, Judge**

---

**No. W2006-02661-CCA-R3-CD  - Filed April 4, 2008**

---

Appellant, Ernest Michael Turner, was convicted by a Tipton County jury of violating a habitual motor vehicle offender order, violating the implied consent law and driving under the influence ("DUI"). In a bifurcated hearing, the jury found Appellant guilty of third offense DUI. As a result of the convictions, Appellant was sentenced to an effective six-year sentence. On appeal, Appellant challenges: (1) the trial court's decision to allow two police officers to testify as to their opinion about Appellant's state of intoxication; (2) the validity of the order declaring Appellant to be a habitual motor vehicle offender; and (3) the sufficiency of the evidence. We determine that Appellant is improperly attempting to collaterally attack the underlying order declaring him to be a habitual motor vehicle offender and that the trial court properly allowed the police officers to testify under Tennessee Rule of Evidence 701. Consequently, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Edwin C. Lenow, Memphis, Tennessee, for the appellant, Ernest Michael Turner.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Elizabeth Rice, District Attorney General, and Mike Dunavant, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In November of 2005, Appellant was indicted by the Tipton County Grand Jury for DUI, violation of a habitual motor vehicle offender order, third offense DUI and violation of the implied consent law.

*State's Proof*

At trial, Sergeant Alan Willis of the Covington, Tennessee Police Department testified that on August 30, 2005, he was on routine patrol in Tipton County on Highway 51. At some point during the early morning hours, Sergeant Willis observed a van driving down the highway with the "rear door of the van open and something hanging out." Sergeant Willis turned around "to stop the vehicle" because he was unable to ascertain what was hanging out of the back of the van. Sergeant Willis was able to maintain visual contact with the van as he turned around. He followed the van for approximately one hundred yards before it turned into the parking lot of the Baxter Motel. He did not see any erratic driving during that short time period. When Sergeant Willis pulled into the motel parking lot, he was able to see that there was a ladder sticking out of the back of the van. He also noticed that the driver was "fumbling around in the front [of the van]." Sergeant Willis parked and exited his patrol car. When he started walking up to the van, the driver exited the van. Sergeant Willis identified Appellant as the driver. According to Sergeant Willis, Appellant was "really unsteady on his feet" and was "stumbling around" on the paved surface of the parking lot. Sergeant Willis began a conversation with Appellant and noted a "strong odor associated with an alcoholic beverage about [Appellant]." Sergeant Willis also stated that Appellant was "swaying back and forth." In Sergeant Willis' assessment, Appellant was "too intoxicated to drive."

Shortly after Sergeant Willis approached Appellant, two other officers arrived on the scene. According to Officer Rodney McCurry, "[y]ou could smell a lot of alcohol [around Appellant]," and Appellant was "stumbling around" the scene. Officer McCurry also observed "open cans of beer" inside the van that Appellant was seen driving. Officer McCurry never saw Appellant operating the van, but he opined that Appellant was intoxicated.

Sergeant Willis called dispatch to request Appellant's driving history. At trial, counsel for Appellant objected to the introduction of Appellant's driving history, arguing that a document from the Department of Safety was not the best evidence available and that Sergeant Willis was not the proper witness with which to introduce the document. The State proceeded to introduce the document for identification purposes only.

After receiving Appellant's driving history from dispatch, Sergeant Willis placed Appellant under arrest. Appellant denied that he had been drinking and refused to complete any field sobriety tests or submit to a blood test.

Sergeant Willis admitted on cross-examination that he could not remember whether Appellant had any keys on his person that night. Further, Sergeant Willis stated that he did not inspect the mechanics of the vehicle to ascertain whether it was operational, as he did not think that this was necessary.

During the redirect examination of Sergeant Willis, the trial court conducted a jury out hearing with regard to the introduction of the order in which Appellant was declared to be a habitual motor vehicle offender. The State sought to introduce a certified copy of the "consent order" that

-2-

was attached to "other things which [according to the prosecutor were] clearly inadmissible." The State proposed to introduce the document for identification purposes only, then have portions of the order read to the jury by Sergeant Willis. Counsel for Appellant objected to the introduction of the consent order based on the fact that the "person who allegedly signed [the order]" was not a judge. Counsel for Appellant also argued that the order was void or voidable because the "judge" who signed the order was not appointed by the supreme court to serve as a special judge.

The trial court overruled the objection and determined that the order was "self-authenticating." The court specifically noted that the order contained the clerk's affidavit and judge's affidavit. Additionally, the trial court ruled that Appellant was improperly attempting to collaterally attack the order declaring him to be a habitual motor vehicle offender.

When the jury returned to the courtroom, the State told the court that there was a "stipulation from [counsel for Appellant]." Counsel for the State then read the following portion of the consent order to the jury:

> State of Tennessee, Shelby County. I, William R. Key, Clerk of the Criminal Court of the 30th Judicial District in Memphis, do hereby certify that the foregoing pages of writing contain a full, complete, true, and perfect copy of consent order declaring defendant habitual motor vehicle offender, in the case of State of Tennessee versus [Appellant], Docket Number P-9751, indictment for petition to declare defendant habitual motor vehicle offender. Witness my hand and the seal of said court at office in Memphis, this 26th day of July 1996. William R. Key, Clerk, by Gloria Lowe, Deputy Clerk.
>
> . . . .
>
> In the Criminal Court of Tennessee, 30th Judicial District at Memphis, Division IV, State of Tennessee versus [Appellant], motor vehicle habitual offender, T.C.A. 55-10-601 et seq., driver's license number 67713648, date of birth June 4, 1969, Docket Number P-9751, consent order declaring defendant habitual offender under the Motor Vehicle Habitual Offenders Act. This matter came on - - came to be heard on May 27, 1992, upon the petition of the State of Tennessee to declare the defendant habitual offender under the Motor Vehicle Offenders Act. It is therefore ordered, adjudged, and decreed that the defendant herein, [Appellant], be and hereby is declared an habitual offender in accordance with the Motor Vehicle Habitual Offenders Act, and is barred from operating a motor vehicle upon the highways of this state. Bill Anderson Jr., Judge, Division IV, Criminal Court of Tennessee, 30th Judicial District at Memphis. Signed [Appellant], defendant, and Trent Hall, attorney for defendant, May 27, 1992.

The trial court then instructed the jury as follows:

[C]ertain documents are self-authenticating; that is, they can be admitted into the proof as part of the record without having to have a witness come to court to testify.

This document that's been marked as an exhibit for identification purposes is a self-authenticating document; . . . . And in this case it has been stipulated or agreed - - and a stipulation is agreement - - that certain matters are true and part of the proof.

Normally I tell you that what the attorneys say is not proof. However, under a stipulation, what he just read is part of the proof. In this case it's been stipulated that [Appellant] was declared to be an habitual offender under the Motor Vehicle Offenders Act, on May 27, 1992, . . . .

*Appellant's Proof*

Appellant called his live-in fiancee, Regina Bailey, to testify. Ms. Bailey testified that she and Appellant own the black and silver van together. According to Ms. Bailey, she drove the van on August 29, 2005. Ms. Bailey claimed that the "clutch was going out" on the van and that you had to "disconnect the battery cables because something was draining the battery." Ms. Bailey stated that she had the only keys to the van and that Appellant did not drive that vehicle because he was "not supposed to drive." Ms. Bailey stated that the van had not been driven since "around seven o'clock" that evening.

In the early morning of August 30, 2005, Ms. Bailey stated that Appellant went out to the van and "went through the back of it" to look for "some missing items" that had been stolen from the van. According to Ms. Bailey, the van would only drive "two to five miles an hour" the next morning when she tried to drive it to the "shop."

The next witness to testify for Appellant was Lisa Baskin, the custodian of records for Don Baskin Truck Sales in Covington, Tennessee. Appellant and Ms. Bailey worked for Don Baskin Truck Sales. According to Ms. Baskin, the van was towed to Don Baskin Truck Sales on the morning of August 30, 2005, from Mike's Auto. The "clutch was burnt up in it," and Don Baskin Truck Sales was "going to replace it."

Appellant took the stand in his own behalf. He claimed that he and Ms. Bailey took the van to work at Don Baskin Truck Sales on August 29, 2005. Ms. Bailey drove the van. After work, they went to do laundry and went to the store before returning to the motel around seven or eight o'clock that evening. Ms. Bailey again drove the van. Appellant admitted that he drank a "quart of Colt 45" around 10:00 p.m. that evening. Appellant denied driving the van on August 30, 2005. Further, Appellant claimed that the officers did not ask him to complete field sobriety tests and did not read

-4-

him the implied consent form. Appellant admitted that he had been declared a habitual motor vehicle offender in 1992.

At the conclusion of the proof, the jury found Appellant guilty of DUI, guilty of violating a habitual motor vehicle offender order, and guilty of violating the implied consent law. The trial court then charged the jury with determining whether Appellant was guilty of third offense DUI. The State introduced two of Appellant's prior DUI convictions from 1997 and 2003. The jury found Appellant guilty of third offense DUI.

The trial court sentenced Appellant to an effective six-year sentence. Appellant appeals, arguing that: (1) the evidence is insufficient to support the convictions; (2) the void order adjudicating him as a habitual motor vehicle offender violated his constitutional rights; and (3) the trial court erred in allowing the officers to testify as to their opinion about Appellant's intoxication.

*Analysis*

Appellant argues that the evidence was insufficient to support his conviction. However, a reading of Appellant's argument reveals that Appellant couches his argument as a sufficiency of the evidence challenge, but in reality he is attempting to challenge the underlying order declaring him to be a habitual motor vehicle offender. Specifically, Appellant argues that the order is void "since [sic] the State of Tennessee failed to revive the Judgment against your Appellant within the ten year period from May 23rd, 1992 until May 25th, 2002 and the State failed to produce any Order reviving the Habitual Motor Vehicle Offender status against the Appellant. . . ." Appellant contends that because the order is void, the trial court lacked jurisdiction. Additionally, Appellant argues that his due process rights were violated because there was no proof that the order declaring Appellant to be a habitual motor vehicle offender had ever been "received," and when Appellant was indicted in 2005, the order "had become moot by over three years." The State disagrees, contending that Appellant cannot collaterally attack his status as a habitual motor vehicle offender and that the evidence was sufficient to support the convictions.

Tennessee Code Annotated section 55-10-603 defines certain repeat motor vehicle offenders as "habitual offender[s]." Upon a finding that an individual is a habitual offender, a trial court must enter an order declaring the individual as such and directing the Department of Safety to revoke the individual's driver's license. T.C.A. § 55-10-613. Tennessee Code Annotated section 55-10-616(b) provides that it is a Class E felony for an individual to operate a motor vehicle while an order declaring him/her to be a habitual offender is in effect. An individual "may petition . . . for restoration of the privilege to operate a motor vehicle" after three years. T.C.A. § 55-10-615. However, it is unlawful for any person to operate any vehicle in this State while the judgment or order of the court prohibiting the operation remains in effect. T.C.A. § 55-10-616.

Although prosecutions under Tennessee Code Annotated section 55-10-616(b) are criminal, the initial proceedings to declare a person a habitual motor vehicle offender are civil and are governed by the Tennessee Rules of Civil Procedure. *State v. Malady*, 952 S.W.2d 440, 444 (Tenn.

Crim. App. 1996); *Bankston v. State*, 815 S.W.2d 213, 216 (Tenn. Crim. App. 1991); *Everhart v. State*, 563 S.W.2d 795, 797 (Tenn. Crim. App. 1978). Thus, the appropriate procedure for challenging a habitual offender order is to file a motion pursuant to Tennessee Rule of Civil Procedure 60.02. *Bankston*, 815 S.W.2d at 216. Rule 60.02 provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Accordingly, a defendant who is prosecuted under Tennessee Code Annotated section 55-10-616 can only obtain relief from an underlying habitual offender order if the defendant moves to set that order aside pursuant to Rule 60. *State v. Joseph Kevan Clark*, No. W2006-00245-CCA-R3CD, 2006 WL 3208570, at *3 (Tenn. Crim. App., at Jackson, Nov. 7, 2006) (citing *State v. Donnie M. Jacks*, No. 03C01-9108CR00256, 1992 WL 84220, at *1 (Tenn. Crim. App., at Knoxville, Apr. 28, 1992)). Appellant herein has not filed a motion to set aside the order under Rule 60.

Appellant argues herein that Tennessee Code Annotated section 28-3-110 contains a statute of limitations that requires the State to commence action on the order declaring him to be a habitual motor vehicle offender within ten years. Tennessee Code Annotated section 28-3-110 provides:

> The following actions shall be commenced within ten (10) years after the cause of action accrued:
>
> (1) Actions against guardians, executors, administrators, sheriffs, clerks, and other public officers on their bonds;
>
> (2) Actions on judgments and decrees of courts of record of this or any other state or government; and
>
> (3) All other cases not expressly provided for.

Appellant argues that because the State did not "revive" the order declaring him to be a habitual motor vehicle offender at some point between May 23, 1992 (the date of the entry of the order) and

May 25, 2002 (ten years later), the order is somehow void and the trial court lacked jurisdiction to confer the indictment upon him.

This Court has held that there is no codified statute of limitations in the Motor Vehicle Habitual Offenders Act. *See State v. Earl Stanley Williams*, No. E2001-01675-CCA-R3-CD, 2002 WL 489124, at *1 (Tenn. Crim. App., at Knoxville, Apr. 2, 2002). Furthermore, Appellant has not taken the affirmative steps required for reinstatement of his license. *See* T.C.A. § 55-10-615.

Finally, Appellant argues that the underlying order declaring him to be a habitual motor vehicle offender is somehow void and violated his rights to due process under the law. This is also a collateral attack on the previous judgment and is impermissible in a proceeding of this nature. *See Davis v. State*, 793 S.W.2d 650, 651 (Tenn. Crim. App. 1990). Moreover, although Appellant makes a statement that his due process rights were violated, there is no explanation as to how his rights were violated. Appellant is not entitled to relief on this issue.

*Witness Testimony*

Next, Appellant argues that the trial court erred in allowing "both Sergeant Willis and Officer Rodney McCurry to testify as to their opinion that the Appellant was to [sic] intoxicated that his driving ability was impaired." Specifically, Appellant contends that neither officer was qualified to testify as an expert under Tennessee Rule of Evidence 702. Further, Appellant argues he objected to their testimony at trial. Appellant also argues that even if the officers were allowed to testify about their opinion of Appellant's intoxication as lay witnesses under Tennessee Rule of Evidence 701, the prosecutor failed to lay a "foundation for the two officer's [sic] opinion that your Appellant's ability to operate a motor vehicle upon the roads and highways of Tipton County Tennessee was impaired" and that "[t]his basic requirement of evidence can not [sic] be swept under the rug as a harmless error." The State counters that neither of the officers was presented as an expert at trial. Further, the State contends that the officers were properly allowed to testify under Tennessee Rule of Evidence 701.

As we begin our analysis, we note well-established precedent providing "that trial courts have broad discretion in determining the admissibility of evidence, and their rulings will not be reversed absent an abuse of that discretion." *State v. McLeod*, 937 S.W.2d 867, 871 (Tenn. 1996). Moreover, the Tennessee Rules of Evidence embody, and our courts traditionally have acknowledged, "a policy of liberality in the admission of evidence in both civil and criminal cases." *State v. Banks*, 564 S.W.2d 947, 949 (Tenn. 1978); *State v. Robinson*, 930 S.W.2d 78, 84 (Tenn. Crim. App. 1995). Further, "[i]t is well-settled that the propriety, scope, manner and control of the examination of witnesses is a matter within the discretion of the trial judge, subject to review for abuse of discretion." *State v. Caughron*, 855 S.W.2d 526, 540 (Tenn. 1993). Rule 701 of the Tennessee Rules of Evidence states:

(a) Generally. - If a witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are

(1) rationally based on the perception of the witness and

(2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.

"[A] lay witness may testify to his own physical condition or that of another person provided that the witness first states the detailed facts and then gives his opinion or conclusion." *Simpson v. Satterfield*, 564 S.W.2d 953, 955-56 (Tenn. 1978) (quoting *McKenzie v. Campbell and Dann Mfg. Co.*, 209 Tenn. 475, 479, 354 S.W.2d 440, 442 (1962)). Furthermore, "[i]f an opinion is based upon a lay witness's own observations, his or her conclusions require no expertise and are within the range of common experience, the opinion is admissible." *State v. Tony Samuel*, No. W2006-00090-CCA-R3-CD, ___ S.W.3d ___, 2007 WL 2026621, at *9 (Tenn. Crim. App., at Jackson, July 12, 2007), *perm. app. denied*, (Tenn. Oct. 15, 2007) (citing *State v. Wingard*, 891 S.W.2d 628, 636 (Tenn. Crim. App. 1994), *overruled on other grounds by State v. James*, 81 S.W.3d 75 (Tenn. 2002)).

In the case at hand, Sergeant Willis testified that his "sense of smell . . . caused [him] to form an opinion as to whether or not [Appellant] was under the influence of an intoxicant." Specifically, Sergeant Willis testified that after observing Appellant at the scene, in his opinion, Appellant was "too intoxicated to drive." Officer McCurry, on the other hand, observed the situation and believed Appellant was "drunk, because he had [consumed] a lot of alcohol."

We find that this testimony was both "rationally based on the perception of the witness[es]" and helpful to a clear understanding of . . . the determination of a fact in issue." *See* Tenn. R. Evid. 701(a). Moreover, citing Tennessee Rule of Evidence 701, this Court has determined that a police officer's "opinion of intoxication as a lay witness was clearly admissible based upon his perception of the [defendant] at the time of arrest." *See State v. Johnnie Darrell Rice*, No. M2003-01294-CCA-R3-CD, 2004 WL 1857108, at *3 (Tenn. Crim. App., at Nashville, Aug. 17, 2004). Appellant is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
JERRY L. SMITH, JUDGE